**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROXANNE CHAPPEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05 C 7003** |
| | ) | **Magistrate Judge Nan R. Nolan** |
| **SBC-AMERITECH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant seeks exclusion of the report and expert testimony of Plaintiff's expert

witness. For the reasons stated, Defendant's request is denied.

**I.      Background**

This is a disability discrimination and retaliation case arising from Plaintiff Roxanne

Chappel's employment at Defendant's Credit & Collections facility located in Chicago

Heights, Illinois. Chappel has multiple schlerosis, asthma, and suffers from depression.

Dr. Piyusch Buch, a psychiatrist, treated Chappel for depression between February 26,

2004 and June 22, 2005. Chappel disclosed Dr. Buch as her expert witness in this case.

After two extensions of time in which to provide Dr. Buch's expert report, Chappel provided

Defendant with a letter from Dr. Buch. Dr. Buch's letter states:

> This letter is to verify that Ms. Roxanne Chappel was under my care between
> February 26, 2004 through June 22, 2005. I was seeing Ms. Chappel while
> she was attending the outpatient program at Little Company of Mary Hospital.
> Ms. Chappel's diagnosis was Major Depressive Disorder. The patient also
> had a history of asthma and multiple schlerosis.
>
> Ms. Chappel was working for SBC in the collections department, and was
> under a lot of stress from her job. I believe that the pressure she was under

at work was exacerbating her illness. She would be ill from her asthma or MS and would call in sick, then her manager would write her up for calling off too much, and she would have an anxiety attack because she would be afraid that she was going to lose her job.

It is my belief that the stress that her job was causing her had a direct impact on the severity of her depression.

Chappel also provided Defendant with a copy of Dr. Buch's curriculum vitae and her medical records from Little Company of Mary Hospital. Defendant contends that Dr. Buch's report fails to satisfy the requirements of Rule 26(a)(2) and that any expert testimony by Dr. Buch should be excluded as a sanction for violating Rule 26(a)(2)(B).

## II.    Discussion

"*[A]ll* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)." Musser v. Geniva Health Services, 356 F.3d 751, 756 (7th Cir. 2004). If a witness is "retained or specially employed to provide expert testimony," she must submit an expert report complying with Rule 26(a)(2)(B). The written report shall contain (1) a complete statement of all opinions to be expressed and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B). Expert reports cannot be "sketchy, vague, or preliminary in nature." Salgado by Salgado v. Gen. Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir. 1998). Rather, expert reports must be "detailed and complete" so that "opposing counsel is not forced to depose an expert in

order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." Id.

Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Thus, the "sanction of exclusion is 'automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.'" Nutrasweet Co. V. X-L Engineering Co., 227 F.3d 776, 785-86 (7th Cir. 2000). A Rule 37(c)(1) sanction "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." Salgado, 150 F.3d at 740.

Defendant contends that Dr. Buch's report fails on each requirement of Rule 26(a)(2)(B). Chappel argues that Dr. Buch's report substantially complies with the report requirements of Rule 26(a)(2)(B).[1] Defendant's motion has merit. The expert report by Dr. Buch fails to comply with Rule 26(a)(2)(B) in various respects. Specifically, Dr. Buch's report does not include a list of Dr. Buch's publications for the preceding ten years, the compensation to be paid for his testimony, and a list of any other cases in which he has testified as an expert at trial or by deposition within the preceding four years in violation of Rule 26(a)(2)(b). No exhibits to be used as a summary of or support for Dr. Buch's opinion are attached to the report or referenced in the report. Dr. Buch's report also makes no

---

[1] Chappel half-heartedly suggests for the first time in her sur-reply that Dr. Buch, as her treating psychiatrist, is exempt from the requirements of Rule 26(a)(2)(B). It is too late to raise this argument for the first time in a sur-reply because Defendant has been denied an opportunity to respond.

mention of the data or other information he considered in forming his opinion except for stating that he treated Chappel for major depressive disorder between February 26, 2004 and June 22, 2005. Most egregious, Dr. Buch's report fails to sufficiently explain the basis and reasons for his opinions regarding causation (i.e., "I believe that the pressure she was under at work was exacerbating her illness" and "It is my belief that the stress that her job was causing her had a direct impact on the severity of her depression."). See Salgado, 150 F.3d at 741 n.6 (holding "[e]xpert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."). Chappel's statement in her supplemental interrogatory responses that the grounds for Dr. Buch's opinions are set forth in 141 pages of Chappel's medical records from Little Company of Mary Hospital and Dr. Buch's training and experience in psychiatry does not satisfy the first Rule 26(a)(2)(B) requirement.

Jenkins v. Bartlett, 487 F.3d 482 (7th Cir. April 23, 2007), cited by Chappel, does not compel a different finding. In Jenkins, the defendants had submitted an expert report in the form of a letter prepared by defendant's attorney. The letter identified two physicians as expert witnesses, provided each witness' curriculum vitae, and "stated the expected testimony and basis for that testimony, including the autopsy protocol which already had been provided to" the plaintiff. Id. at 488. The letter "was not prepared or signed by either physician" but "both physicians subsequently submitted affidavits adopting the contents of the letter." Id. On appeal, the plaintiff challenged the district court's finding that there had been substantial compliance with Rule 26(a)(2)(B). The Seventh Circuit upheld the district court's ruling because:

With the exception of the physicians' signatures, the letter substantially complied with Rule 26(a)(2)(B). The letter stated the opinions to which the physicians would testify and the basis for those opinions, invited Ms. Jenkins' attention to the autopsy protocol which she already had received, disclosed prior testimony by Dr. Jentzen in federal court, and set forth the physicians' qualifications and publications in their respective curriculum vitae. Further, the plaintiffs cured the main defect in the expert report, the absence of the physicians' signatures, by submitting sworn affidavits from the physicians adopting the contents of the October 1, 2003 letter.

Id. at 488.

Jenkins and the present case are factually distinguishable. In Jenkins, the "main defect" in the expert report was technical; the report was unsigned. Here, the main defect is the failure to provide the basis and reasons for Dr. Buch's conclusions, the very heart of an expert disclosure. The Jenkins letter "stated the opinions to which physicians would testify and the basis for those opinions." Moreover, the Jenkins letter directed the plaintiff to the autopsy protocol she already had received and set for the physicians' publications and prior testimony. Here, Dr. Buch has not directed Defendant to any specific documents that support Dr. Buch's proposed testimony, but rather has broadly referenced 141 pages of medical records. No information has been provided with respect to Dr. Buch's publications and Chappel's response to the motion indicates for the first time that Dr. Buch has provided no previous expert testimony. Chappel has also not provided the compensation Dr. Buch will be paid for his testimony. Finally, in Jenkins, the missing signature information was cured by submitting sworn affidavits from the physicians adopting the unsigned letter. Chappel has not undertaken to cure the missing basis and reasons for Dr. Buch's opinions or the missing publication and compensation information. Based on these significant differences, the Court concludes that Dr. Buch's report does not substantially comply with Rule 26(a)(2)(B).

Because Dr. Buch's expert report is seriously deficient, the Court has the authority, as requested by Defendant, to exclude Dr. Buch's opinion testimony under Rule 37(c)(1) unless the omissions were substantially justified and/or harmless. Chappel has not shown that Dr. Buch's incomplete report was substantially justified. Rather, Chappel takes the position that Dr. Buch's report substantially complies with Rule 26. Thus, no substantial justification has been established for the inadequacies of Dr. Buch's expert report.

Nevertheless, the Court concludes that the omissions in Dr. Buch's report are harmless. The prejudice to Defendant resulting from the failure to comply with Rule 26(a) can be cured by Defendant deposing Dr. Buch in the time remaining. James v. Marten Transport, Ltd., 2006 WL 3755322, at *1 (N.D. Ind. Dec. 15, 2006) (denying exclusion of expert testimony based on deficient expert report because "[s]ubsequent information from Dr. Pawl at his deposition have made those non-disclosures harmless."). The basis and reasons for Dr. Buch's opinions and the other missing items listed in Rule 26(a)(2)(B) can be fully explored at a deposition of Dr. Buch. Defendant's expert disclosures have not occurred. No expert discovery cut-off has been set, no pretrial order deadline exists, and no trial has been scheduled.

Defendant can adequately prepare for Dr. Buch's deposition with the information already available. Defendant has Dr. Buch's curriculum vitae, Chappel's medical records from Little Company of Mary Hospital, and notice of Dr. Buch's causation opinions. Counsel shall work together to schedule Dr. Buch's deposition as soon as possible. Defendant's expert disclosures are due within 30 days after Dr. Buch's deposition. Any rebuttal opinions by Dr. Buch are due within 14 days after Defendant's expert disclosures. Plaintiff may take the deposition of Defendant's expert witness within 14 days after the

disclosure of any rebuttal opinion by Dr. Buch.

Chappel's lawyer (Clara L. Larry) should take no solace in this decision. While the Court declines to strike Dr. Buch's opinion testimony based on his deficient report, the Court believes the violation of Rule 26(a) warrants some sanction. Defendant should not be forced to depose Dr. Buch to discover the Rule 26(a)(2)(B) information missing from his report. A sanction which punishes the lawyer as opposed to the litigant is appropriate under these circumstances. See Bell v. City of Chicago, 2 F.3d 752 (7th Cir. 1993) (indicating when determining an appropriate sanction, judges should give serious consideration to punishing the lawyer responsible for the circumstances rather than the blameless client). Chappel's lawyer is responsible for Dr. Buch's deficient expert report. It is the job of the lawyer to ensure that the expert report complies with Rule 26(a)(2)(B). Salgado, 150 F.3d at 741 n. 6 (stating "[i]t is the responsibility of the attorney to ensure that the expert's report contains complete opinions that are properly and thoroughly set forth and supported . . . ."); see also Advisory Committee's Note to 1993 Amendments to Rule 26(a)(2)(B) (stating that "Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, . . . this assistance may be needed."). The appropriate remedy here is to shift the costs for the deficient report to Chappel's lawyer. The Court imposes the sanction of requiring Chappel's lawyer to be responsible for attorney's fees (including reasonable preparation time) and costs incurred by Defendant in taking Dr. Buch's testimony as well as the attorney's fees associated with Defendant bringing its current motion.

Chappel's lawyer's lack of due care here risked an order barring Dr. Buch's opinion testimony at trial and thus, put the interests of her client in serious jeopardy. Chappel's

lawyer is on notice that similarly deficient expert reports will not be tolerated by this Court and may not be treated so kindly by future courts.

## III.    Conclusion

For these reasons, Defendant's Motion to Exclude Expert Report and Testimony is denied.


**E N T E R:**

*Nan R. Nolan*

_____

**Nan R. Nolan**
**United States Magistrate Judge**

**Dated:  July 13, 2007**